J-S48003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LOVELETTE ATLAS COTTMAN | : | |
| | : | |
| Appellant | : | No. 2133 EDA 2017 |

Appeal from the Judgment of Sentence May 31, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003159-2015

BEFORE:   DUBOW, J., MURRAY, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 27, 2018**

Lovelette Atlas Cottman (Appellant) appeals from his May 31, 2017 Judgment of Sentence of three to six years' imprisonment following his nonjury convictions for Possession with Intent to Deliver (PWID) and Possession of Drug Paraphernalia.[1]   Specifically, Appellant challenges the denial of his suppression motion.  We affirm.

We glean the following factual and procedural history from the certified record.  In connection with an ongoing narcotics investigation targeting Appellant as a possible distributor of PCP, law enforcement officers, including Officer William Carey of the City of Chester Police Department Narcotics Unit, conducted a search pursuant to a warrant at Appellant's home.  During the search, the officers detected a strong odor of PCP and found an illegal weapon

_____

[1] 35 P.S. § 780-113(a)(30) and 35 P.S. § 780-113(a)(32), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

in the residence. *Id*. at 11. As a result, the Commonwealth issued an arrest warrant for Appellant. *Id*. at 11-12.

On February 24, 2015, Officer Carey responded to a call for back up at the intersection of Ninth Street and Kerlin Street in Chester because a fellow officer had located Appellant sitting in a parked car near a gas station. *Id*. at 10. The officers arrested Appellant without incident. While arresting Appellant, Officer Carey detected a strong odor of PCP emanating from the car. *Id*. at 12-13.[2]

Officer Carey then conducted a warrantless search of the automobile at the scene during which he observed a small piece of a tissue hanging out of a crevice between the driver's side floorboard and the center console. *Id*. at 14-15. He pulled on the tissue which revealed a clear vial with a black lid and an eyedropper wrapped in more tissue paper. *Id*. at 15-16. The vial contained 61.6 grams of PCP. *Id*. at 17-18.

As a result, the Commonwealth charged Appellant with, *inter alia*, the above offenses.

Prior to trial, Appellant filed a motion to suppress the PCP, asserting that the police officers unlawfully searched his vehicle without a warrant. The court held a hearing on January 24, 2017. On March 7, 2017, the court denied Appellant's motion, finding that the arresting officer had probable cause to

---

[2] Officer Carey has ten years' experience with the Chester Police Department, four of them with the Narcotics Unit. He has come into contact with PCP numerous times, and is able to identify its unique odor because of his experience as an officer. N.T., 1/24/17, at 51-52.

search the vehicle and the warrantless search was lawful under **Commonwealth v. Gary**, 91 A.3d 102 (Pa. 2014). Trial Court Opinion, 3/6/17, at 4-5.

A trial court held a stipulated bench trial on April 26, 2017 and convicted Appellant of PWID and Possession of Drug Paraphernalia. On May 31, 2017, the court sentenced Appellant to an aggregate term of three to six years' incarceration followed by 11 years' probation.

Appellant timely filed a notice of appeal. Appellant presents the following question for this Court's consideration:

> Whether the trial court erred in failing to grant suppression of the drugs found in the vehicle in question since the search of the vehicle required the issuance of a warrant in order to be legal[?]

Appellant's Brief at 7.

This Court's well-settled standard of review of a denial of a motion to suppress evidence is as follows:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression

court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Jones*, 121 A.3d 524, 526-27 (Pa. Super. 2015) (citation omitted).

With respect to a warrantless search of a vehicle, Pennsylvania's law is "coextensive" with federal law under the Fourth Amendment of the U.S. Constitution. *Gary*, 91 A.3d 102, 120 (Pa. 2014) (OAJC). In *Gary*, a plurality of our Supreme Court held that "[t]he prerequisite for a warrantless search of a motor vehicle is probable cause to search; no exigency beyond the inherent mobility of a motor vehicle is required." *Id*. at 138. Thus, we must determine whether the officers had probable cause to search Appellant's vehicle.

Probable cause exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution to believe that a defendant has or is committing an offense. *Commonwealth v. Runyan*, 160 A.3d 831, 837 (Pa. Super. 2017) (citation omitted). "The evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer." *Id*. The well-established standard for evaluating whether probable cause exists is consideration of the "totality of the circumstances." *Id*.

Appellant challenges the validity of the vehicle search following his arrest. Under the totality of the circumstances, we conclude the police officers had probable cause to search the vehicle without a warrant.

When police officers arrested Appellant, Officer Carey, an experienced narcotics officer who had obtained the arrest warrant based on the odor of PCP in Appellant's home, detected the same unique odor of PCP emanating from the vehicle. Under the totality of these circumstances, we conclude that the trial court had sufficient basis to conclude that the officers had probable cause to believe that Appellant had committed an offense. Pursuant to **Gary** and **Runyan**, the warrantless search of the vehicle was proper.

Appellant's argument that the Appellant did not own or lease the vehicle does not alter our analysis under **Gary** and **Runyan**. It was the odor of PCP that provided the police officer with a sufficient basis to find probable cause. The fact that Appellant did not own or lease the vehicle is irrelevant to the probable cause analysis.

Accordingly, we conclude that the suppression court properly denied Appellant's motion to suppress the drugs found in the vehicle. We, thus, affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/18